IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| NIKITA WOODS-BIRD, | CV-15-73-BMM-JTJ |
|---|---|
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| DALE M. NELSON, | |
| Defendant. | |

Plaintiff Nikita Woods-Bird filed a proposed Complaint and a Motion to Proceed in Forma Pauperis on August 28, 2015. Docs. 1-2. Ms. Woods-Bird is proceeding without counsel.[1]

Permission to proceed in forma pauperis is discretionary with the Court. 28 U.S.C. § 1915(a). A court should grant leave to proceed in forma pauperis if the affidavit sufficiently indicates the affiant cannot pay court costs and still provide the necessities of life for herself and her family. *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

---

[1] Ms. Woods-Bird names several other individuals as plaintiffs and appears to be seeking class certification. The Court does not allow pro se litigants to proceed together in one action. Therefore, Ms. Woods-Bird is the sole plaintiff in this case.

Ms. Woods-Bird submitted a pleading that is 90 pages long. Ms. Woods-Bird alleges, inter alia, that Defendant Nelson threatened to evict her, refused to allow her family to visit her apartment, and did not let her keep therapeutic cats and dogs in her apartment. After a review of the pleading, the undersigned concludes Ms. Woods-Bird's Complaint is frivolous. Ms. Woods-Bird is unable to make any rational argument in law or fact to support her claim for relief against Defendant Nelson because Defendant Nelson is not a state actor.

An action under Section 1983 requires a plaintiff to allege facts that show: (1) that the defendants acted "under color of state law" or authority; and (2) that the defendants have deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *Sykes v. State of Cal. (Dept. Of Motor Vehicles)*, 497 F.3d 197, 200 (9th Cir. 1974) (internal citations omitted). Generally, private actors are not acting under color of state law. *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). "[T]he conduct allegedly causing the deprivation of a federal right [must] be fairly attributable to the State." *Id.* (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936-37 (1982)). Conduct is fairly attributable to the State, when: (1) the deprivation is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (2) the party charged with the deprivation is a state actor, has acted together with or has obtained significant aid from

state officials, or has performed conduct otherwise chargeable to the State. *Id*.

Ms. Woods-Bird has not alleged that Defendant Nelson, who based upon the allegations appears to be a private actor, was acting under the color of state law or authority. Section 1915 accords judges the authority to dismiss a claim based on an indisputably meritless legal theory or because the complaint's factual allegations are clearly baseless. Ms. Woods-Bird's claim against Defendant Nelson is based on an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (examples of indisputably meritless legal theories include claims against which it is clear that the defendants are immune from suit and claims of infringement of a legal interest that clearly does not exist). Thus, the Court is justified in dismissing the case and denying permission to proceed in forma pauperis.

The Motion to Proceed in Forma Pauperis should be denied and this matter dismissed with prejudice. Leave to amend is not appropriate as it would be futile. *Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). Though the Court ordinarily gives litigants the opportunity to pay the filing fee, it should not do so for Ms. Woods-Bird because there is no proper defendant she could name regarding these allegations.

Accordingly,

**IT IS RECOMMENDED**:

1. Ms. Woods-Bird's Motion to Proceed in Forma Pauperis, Doc. 1, should be **DENIED**, and this matter should be **DISMISSED** with prejudice as frivolous.

2. The Clerk of Court should be directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Ms. Woods may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date this Findings and Recommendations was served which is the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to

Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 5th day of October, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge